## Sedar's Estate

O. A. *Wisansky*, for petitioner.

HOUCK, J., June 14, 1937.—Annie Sedar was adjudged weakminded on June 15, 1936, and the Miners National Bank of Pottsville was appointed her guardian. On June 1, 1937, Wasil Sedar, her husband, presented a petition for an allowance of $20 a month for the five children of him and his wife who are under 16 years of age. The guardian joined in the petition. Hearing was had.

The estate amounts approximately to $225. The wife is confined to the Schuylkill County Hospital for Mental Diseases, and has been for some years. The allegations in the petition are that petitioner is unable adequately to clothe and feed his children from his wages, and that they are in dire need of food and clothing. Under section 6 of the Act of May 28, 1907, P. L. 292, the court may direct an allowance "for the said ward and for the support and maintenance of his wife, or his or her children, and the education of his or her minor children". Consequently, when the circumstances warrant, an allowance may be directed from the estate of a feebleminded mother for the support of her children. In the present case, however, the circumstances do not warrant an allowance.

If the allowance prayed for were granted, the entire estate would be consumed and nothing would be left for the ward. More important than this, the testimony does not show that the allowance is required for the purposes stated in the petition. The husband is employed on a Works Progress Administration project at a wage of $60.50 a month. He owns his own home which he purchased about 10 years ago at a cost of $2,000. Petitioner testified that he is able, on his earnings, to take care of his children, and that he wants his wife's money to buy things for the children and to pay the insurance on his house. An unemployed son of petitioner, who is 17 years old, testified that the children have enough food and clothing but that they will require clothing in the winter. According to him, his father wants this money to fix up

the house. In view of this testimony, we would not be warranted in making an allowance.

And now, June 14, 1937, the petition for an allowance is dismissed at petitioner's costs.

From G. Harold Watkins, Frackville.